UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, # 295567, | ) C/A No. 5:13-3387-RMG-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )REPORT AND RECOMMENDATION |
| Deputy Warden Willie Davis; | ) |
| Sgt Ms Smith; | ) |
| Ms Angela Smith; | ) |
| All SMU Supervisors; | ) |
| All Staff work night shift and day shift on SMU southside; | ) |
| IGC Ms L Johnson; | ) |
| Warden Denis Bush; | ) |
| DHO Ms Sharon Patterson; | ) |
| Sgt Ms Karen Gregg; | ) |
| Ms Desi,principal of education building, and | ) |
| Lt Marquez, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This case is before the court on a pro se Complaint filed by a state prison inmate.[1] Shaheen Cabbagestalk ("Plaintiff") filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. Plaintiff's Motion should be denied, and his Complaint should be dismissed if he fails to timely pay the full filing fee because Plaintiff is subject to the so-called "three-strikes" rule of the Prison Litigation Reform Act (PLRA), and he does not allege that he is under imminent danger of serious physical injury.

The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court.

> or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This three-strikes rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee.  To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full.  However, Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits in which the full filing fee is paid at the time of filing.  *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the Lee Correctional Institution, part of the South Carolina Department of Corrections ("SCDC").  In the civil Complaint now under review, Plaintiff alleges that he has been subjected to cruel and unusual punishment and denial of access to court by numerous staff members at the prison where he is incarcerated.  Compl. 2, ECF No. 1.  He asserts that legal documents are denied to him out of spite and that at least one state case he filed has now been dismissed against him because of Defendant Smith's refusal to comply with legal material requests. *Id*. at 3.  Plaintiff also alleges that food provided by the prison is inadequate and that he has lost weight. *Id*.  He further alleges that facilities such as showers and toilets in the prison are not sufficiently hygienic, making prisoners repeatedly get sick, and that grievances are not processed or are lost or otherwise obstructed to deny him access to court. *Id*. at 4.  He states that the prison's policy of excessive use of mace on prisoners has made him sick, but that medical staff does nothing to assist. *Id*.  Finally, he asks to be transferred to another facility where he does not have so many problems with the people around him, and asks to be sent back to Dillon County Detention Center. *Id*. at 5.  Plaintiff asks for injunctive relief and damages.  He does not allege that he is in imminent danger

of physical injury from the conditions alleged; rather, his allegations involve situations and circumstances he claims created problems for him in the past.

This is the 17th civil action Plaintiff has filed in this court since May 2006. This court may take judicial notice[2] of the three civil actions filed by Plaintiff in which a "strike" has been entered because the civil actions were finally dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *Cabbagestalk v. Headquarters Classifications*, Civil Action No. 3:08-cv-03982-SB; *Cabbagestalk v. Richstad*, Civil Action No. 3:09-cv-01834-SB ; *Cabbagestalk v. SC Bar Head Person of Establishment*, Civil Action No. 5:13-cv-03037-RMG.

In light of Plaintiff's prior strikes, he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the three-strikes rule. *See* 28 U.S.C. § 1915(g); *Blakely v. Wards*,738 F.3d 607, 610-11 (4th Cir. 2013); *McLean v. United States,* 566 F.3d 391, 397 (4th Cir. 2009); *Green v. Young*, 454 F.3d at 407. This Complaint does not fit within this exception to enable Plaintiff to proceed *in forma pauperis*. Plaintiff does not allege that he is in imminent danger of serious physical injury from the conditions and circumstances of which he complains. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. <u>If Plaintiff timely pays the filing fee, his Complaint will still be subject to review by the undersigned to determine if service of process should be authorized.</u>

## Recommendation

---

[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

It is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given 15 days from the date the district judge rules on this Report to pay the filing fee (currently $350),[3] and that the Office of the Clerk of Court withhold entry of judgment until such time expires.

If Plaintiff fails to pay the filing fee within the time permitted, it is further recommended that the Complaint be dismissed without prejudice under the three-strikes rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the 15-day period permitted for payment of the filing fee.

IT IS SO RECOMMENDED.

February 24, 2014                                    Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350, thus making the total required to be paid $ 400.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).